UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GE CAPITAL FRANCHISE FINANCE CORP.,

                              Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                        08-CV-202S

JAMES A. COSENTINO,

                              Defendant.

## I.  INTRODUCTION

        Plaintiff GE Capital Franchise Finance Corporation commenced this action by filing
a Complaint in this Court against Defendant James A. Cosentino, seeking to collect
outstanding payments allegedly owed on a series of loan agreements.  Presently before
this Court is Defendant's Motion to Dismiss, or alternatively, to Transfer to the United
States District Court for the Southern District of Florida, and Plaintiff's Cross-Motion for an
Order of Attachment.  For the reasons discussed below, Defendant's Motion is granted to
the extent it seeks transfer and is denied as moot to the extent it seeks dismissal.
Plaintiff's cross-motion is denied as moot.

## II.  BACKGROUND

### A.      Facts

        Defendant James A. Cosentino is the majority or sole owner of numerous entities
that include in their names the terms, "CCI" or "Dynamic Pizza" (hereinafter "Cosentino
Entities" or "Entities").  (Docket No. 1, Compl., ¶ 5.)  Beginning on or about June 30, 1998,
seven Cosentino Entities obtained a series of loans from Plaintiff, its predecessors-in-

1

interest, and affiliates (hereinafter "Plaintiff"). (Compl., ¶¶ 6, 9, 13, 17, 21, 27.[1]) The seven Entities that obtained the loans include: (1) CCI of Boca Raton, Inc.; (2) CCI of Melbourne, Inc.; (3) CCI of Jensen Beach, Inc.; (4) Dynamic Pizza, Inc.; (5) Dynamic Pizza of Albany, Inc.; (6) Dynamic Pizza of Albany II, Inc.; and (7) Dynamic Pizza of Binghamton, Inc. (Compl., ¶¶ 9-21.[2])

Cosentino executed six promissory notes on behalf of the seven Entities in connection with the loans, which, *inter alia*, set forth the specific terms of re-payment. (Docket No. 23, Exs. 3-8.)  A New York-licensed notary public notarized each promissory note.  (Id.)  Three of the promissory notes, which together involved loans to the Dynamic Pizza Entities, were executed in Buffalo, New York.  (Docket No. 23, Horn Aff., ¶¶ 13-15; Docket No. 23, Exs. 6-8.)  Cosentino personally guaranteed all seven Entities' financial obligations under the promissory notes.  (Compl., ¶ 7; Docket No. 1, Exs. A-F.)  In each Guaranty, Cosentino lists his address as 4225 Genesee Street, Buffalo, New York, 14225 (Docket No. 1, Exs. A-F), and three Guaranties were executed in Buffalo, New York.  (Id., Exs. D-F.)

Each Guaranty contains the same forum-selection clause, which states:

Governing Law.  This Guaranty and the rights and obligations of the parties hereunder shall be construed in accordance with and governed by the laws of the State of Florida.  Guarantor and Lender agree that any dispute arising

---

[1] For instance, the first loan, which occurred on or about June 30, 1998, was between CCI of Boca Raton, Inc. and CNL Financial Services, Inc.  (Compl., ¶ 9.)  CNL Financial Services, Inc. is a predecessor-in-interest of Plaintiff.  (Id.)

[2] Three Entities – CCI of Boca Raton, CCI of Melbourne, and CCI of Jensen Beach – are based in Florida, and are registered with the Florida Secretary of State.  (Docket No. 23, Ex. 2.)  The other four Entities – Dynamic Pizza, Dynamic Pizza of Albany, Dynamic Pizza of Albany, II, and Dynamic Pizza of Binghamton – are based in New York, and are registered with the New York Secretary of State.  (Id., Ex. 1.)

out of this Guaranty shall be subject to the jurisdiction of both the state and federal courts in Florida. For that purpose, Guarantor hereby submits to the jurisdiction of the state and federal courts of Florida. Guarantor further agrees to accept service of process out of any of the aforesaid courts in any such dispute by registered or certified mail addressed to Guarantor. Nothing herein contained, however, shall prevent Lender from bringing any action or exercising any rights against (i) Borrower, (ii) any security, (iii) Guarantor personally, or (iv) the assets of Guarantor, within any other state or jurisdiction.

(Docket No. 1, Ex. A, ¶ 14(d); Ex. B, ¶ 14(d); Ex. C, ¶ 15(d); Ex. D, ¶ 15(iv); Ex. E, ¶ 15(iv); Ex. F, ¶ 15(iv)).

After the promissory notes and personal guaranties were executed, nineteen entities controlled by Defendant filed for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division. (Docket No. 14, Ex. B.) Three are connected to this suit: (1) CCI of Boca Raton, Inc.; (2) CCI of Melbourne, Inc.; and (3) CCI of Jensen Beach, Inc. (Id.) On December 18, 2007, Plaintiff filed proofs of claim in the bankruptcy proceedings for the amounts at issue here. (Docket No. 14, Ex. B, pts 1-4.)

The four New York based Dynamic Pizza Entities are not parties to the Florida bankruptcy proceedings, and Plaintiff filed a separate Complaint in this Court, against these Entities. See GE Capital Franchise Finance Corp. v. Dynamic Pizza, Inc. et al., 1:08-CV-200. Defendants did not answer or otherwise respond to that Complaint, and on August 22, 2008, this Court granted Default Judgment in favor of Plaintiff, and closed the case. See GE Capital, 1:08-CV-200, Docket No. 16.

Presently, Defendant is at least 68 years old. (Docket No. 13, Cosentino Aff., ¶13.[3]) He lives in Delray Beach, Florida, and has lived there full-time since October 2006. (Id. at

---

[3] Plaintiff submitted his affidavit on April 24, 2008, and at the time he was 67 years old.

¶ 5.)  On his 2006 federal income tax return, Defendant listed his Florida residence, and has stated an intent to list the same address on his 2007 tax return.  (Id. at ¶ 9.) Defendant's personal physician is located in Florida, Defendant is registered to vote in Palm Beach County, Florida, he holds a Florida driver's license, his automobile is registered in Florida, and, according to Defendant, his cardiologist recommends that he limit his travel outside Florida because of a heart condition.  (Id. at ¶¶ 7, 10-13.)  Defendant stated that he devotes 60 to 70 percent of his time to the Florida bankruptcy proceedings. (Id. at ¶ 17.)

**B.**     ***The Parties' Motions***

Defendant moves to dismiss Plaintiff's Complaint on the grounds that: (1) this Court lacks personal jurisdiction over Defendant; (2) Plaintiff insufficiently served process[4]; and/or (3) venue is improper.  (Docket No. 12.)  Alternatively, Defendant seeks an order transferring this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). (Id.)  Plaintiff cross-moves for an order of attachment on Defendant's property located at 190 Deer Run, Williamsville, New York, but only if this Court first decides that Defendant is not a domiciliary of New York State.  (Docket No. 22.[5])  This Court first addresses Defendant's Motion to Transfer.

---

[4] In his reply, Defendant withdrew his motion to dismiss to the extent it alleged insufficient service of process.  (Docket No. 27, p. 1.)

[5] Defendant no longer owns the Deer Run property, having sold it on or about July 29, 2008. (Docket No. 32, p. 2.)  Upon learning about the sale, Plaintiff, in its reply papers, asks for a hearing on the propriety of the sale.  (Docket No. 22, p. 4.)

### III.  DISCUSSION

**A.    *Defendant's Motion to Transfer***

A district court may transfer a civil action to any other district where the case might have been brought if the transfer serves "the convenience of the parties and witnesses, [and is] in the interest of justice."  28 U.S.C. § 1404(a).  The primary goal of section 1404(a) is to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.  Continental Grain Co v. Barge FBL-585, 364 U.S. 19, 27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).  In this case, the parties do not dispute that this action could have been brought in the Southern District of Florida.  But the parties disagree as to whether the interests of justice and convenience of the witnesses and parties compel the transfer.

In determining whether the interests of justice and convenience support transfer, district courts evaluate nine factors.  Those factors include: (1) the convenience of witnesses; (2) the convenience of parties; (3) the location of the relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative financial means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight afforded plaintiff's choice of forum; and (9) judicial economy and the interests of justice.  Herbert Ltd. Partnership v. Electronic Arts Inc., 325 F.Supp.2d 282, 285-86 (S.D.N.Y. 2004).  Courts have broad discretion in making determinations of convenience under section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106

(2d Cir. 2006).  However, absent a strong showing that the balance of factors favors the alternative forum, the plaintiff's choice of forum will not be disturbed.  Roland v. Hargi Systems, Inc., No. 00-CV-341, 2001 WL 241792, at *4 (W.D.N.Y. Feb. 28, 2001) (Elfvin, J.) (citing Maganlal v. M.G. Chem. Co., 942 F.2d 164, 167 (2d Cir. 1991)).

An "additional factor" courts consider in the transfer analysis is the existence of a forum-selection clause.  General Capital Partners LLC v. Liberty Ridge, LLC, No. 07-CV-4089, 2007 WL 3010028, at *3 (S.D.N.Y. Oct. 12, 2007).  "A forum selection clause is a significant factor that figures centrally in a district court's determination of whether to transfer or retransfer a case."  Carribean Wholesales and Service Corp. v. U.S. JVC Corp., 24 Fed.Appx. 16, at *18 (2d Cir. 2001) (citing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).  There are two commonly used forum selection clauses – "mandatory" and "permissive."  Mandatory forum-selection clauses require that actions be heard in a specific venue, whereas permissive forum-selection clauses merely empower certain courts to hear a particular set of claims, but do not designate those courts as the only courts where those claims may be heard.  See John's Insulation, Inc. v. Siska Constr. Co., 671 F. Supp. 289, 295 (S.D.N.Y. 1987).  In the context of a motion to transfer, permissive forum-selection clauses are entitled to less weight than mandatory forum-selection clauses, but permissive clauses still favor transfer. See Micro-Assist, Inc. v. Cherry Communications, Inc., 961 F. Supp. 462, 466 (E.D.N.Y. 1997); see also Heyco, Inc. v. Heyman, 636 F. Supp. 1545, 1550 (S.D.N.Y. 1986).

With these principles in mind, this Court will address the factors governing a motion to transfer based upon the affidavits and other submissions of the parties.

### 1.    *Convenience of the Witnesses*

Defendant argues that this factor weighs in favor of transfer because he is the sole

material witness in this case.  (Defendant's Memo, p. 9.[6])  Plaintiff disagrees, arguing that,

in the event Defendant raises any defense to Plaintiff's claims under the Guaranties,

certain unnamed witnesses to the execution of these agreements, who are "likely" located

in this district, would be "relevant."   (Plaintiff's Memo, p. 18.[7])

"The convenience of both party and non-party witnesses is probably the single most

important factor in the analysis of whether transfer should be granted."  Wagner v. New

York Marriot Marquis, 502 F. Supp. 2d 312, 315 (N.D.N.Y. 2007) (internal quotation marks

and citation omitted).  Although "the convenience of non-party witnesses is accorded more

weight than that of party witnesses," party witnesses are still relevant.  ESPN, Inc. v.

Quiksilver, Inc., 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008).  In order to demonstrate the

alleged inconvenience, the "party moving to transfer on the ground that witnesses will be

inconvenienced is obliged to 'name the witnesses who will be appearing and describe their

testimony...'"  Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 396

(S.D.N.Y. 2006) (citing Schieffelin & Co. v. Jack Co. of Boca, Inc., 725 F. Supp. 1314, 1321

(S.D.N.Y. 1989)).  But in cases where discovery has not been conducted, a party "will not

---

[6] Referring to Defendant's Memorandum of Law in Support of its Motion to Dismiss, or alternatively, to Transfer Venue.  (Docket No. 14.)

[7] Referring to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, or alternatively, to Transfer Venue.  (Docket No. 24.)

Additionally, although Plaintiff sets forth this argument under its analysis of a different factor – the availability of process to compel witnesses (Plaintiff's Memo, p. 18) – this Court will discuss this argument here, in addition to the availability of process to compel witnesses.  At no other point in its opposition to Defendant's motion to transfer does Plaintiff discuss the convenience of the witnesses.

be held to the requirement of stating with precision each witness and document." Heyco, Inc. v. Heyman, 636 F. Supp. 1545, 1549-50 (S.D.N.Y. 1986).

Here, Defendant is the only witness the parties have specifically identified.  And as a party witness, Defendant would be inconvenienced by having to make the lengthy and costly trip from Florida to New York in order to testify in this case.  Moreover, traveling to New York would impose a burden on Defendant's involvement with the Florida bankruptcy proceedings and would also contradict the advice of Defendant's cardiologist, who instructed Defendant to limit his travel outside of Florida.[8]  Plaintiff's argument that certain unnamed witnesses, who are "probably" located in this district, and who would become relevant *only if* Defendant raises defenses to the loan agreements is too speculative to defeat Defendant's demonstrated inconvenience.  Accordingly, this factor weighs in favor of transfer.

### 2.    *Convenience of the Parties*

Courts find this factor to weigh in favor of transfer when the "inconvenience [to the moving party] could be completely eliminated without substantially adding to the non-moving party's inconvenience."  Farrior v. George Weston Bakeries Distribution, Inc., No. 08-CV-2705, 2009 WL 113774, at *6 (E.D.N.Y. Jan. 15, 2009) (citing Frame v. Whole Foods Market, Inc., No. 06-CV-7058, 2007 WL 2815613, at *6 (S.D.N.Y. Sep. 24, 2007)). "Where the transfer would merely shift the inconvenience from one party to the other, the Court should leave the plaintiff's choice of venue undisturbed."  Farrior, 2009 WL 113774,

---

[8]Although Plaintiff argues that Defendant has not "substantiated" his cardiologist's recommendation, (Plaintiff's Statement, p. 19), Defendant has sworn to this statement in an affidavit under the penalty of perjury, and Plaintiff has provided no evidence suggesting that this statement is untrue.

at *6 (citing <u>Wagner</u>, 502 F. Supp. 2d at 316).

Here, Defendant would be inconvenienced for the reasons mentioned immediately above.  Additionally, transfer would not shift Defendant's inconvenience to Plaintiff, nor would it substantially add to Plaintiff's inconvenience, because Plaintiff, an Arizona-based corporation, would have to travel regardless of the venue.  Further, in light of the forum-selection clause, Plaintiff cannot claim that Florida is inconvenient.  <u>See</u> <u>Deshoulieres, S.A. v. Cuthbertson Imports, Inc.</u>, No. 06-CV-5163, 2006 WL 2849818, at *3 (S.D.N.Y. Oct. 3, 2006) ("the forum-selection clause contracted to by Plaintiff ... undercuts its argument that Connecticut would be an inconvenient forum in which to litigate"); <u>see</u> <u>also</u> <u>Heller Financial, Inc. v. Midwhey Powder Co. Inc.</u>, 883 F.2d 1286, 1293 (7th 1989) ("a valid forum-selection clause may waive a party's right to assert his own inconvenience as a reason to transfer a case...").  This factor weighs in favor of transfer.

### 3.    The Location of the Relevant Documents

Defendant argues that this factor supports his request to transfer the case because "all documents giving rise to Plaintiff's claims are available in Florida and, indeed, already subject to Plaintiff's claims filed in the Florida Bankruptcy Cases." (Defendant's Memo, p. 9.)  Plaintiff maintains that the documents currently in Florida for the bankruptcy proceedings include only a "limited subset" of the documents necessary for this action. (Plaintiff's Memo, p. 18.)  According to Defendant, however, "over 80% of the total amount claimed by Plaintiff in the Complaint arises from Defendant's guaranties of loans to the Cosentino debtors located in Florida and subject to the Florida Bankruptcy Cases pending in the West Palm Beach Bankruptcy Court." (Defendant's Memo, p. 7.)  Thus, it appears that there is at least significant overlap between the documents already in Florida and

those needed in this case.  But in any event, "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."  <u>Am. Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. LaFarge North Am., Inc.</u>, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007).  Accordingly, this factor is neutral.

### 4.      The Locus of the Operative Facts

In an action arising out of a contract, the location of the operative facts is "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred."  <u>Oubre v. Clinical Supplies Management, Inc.</u>, No. 05-CV-2062, 2005 WL 3077654, at *4 (S.D.N.Y. Nov. 17, 2005) (citation omitted).  Here, three Guaranties were clearly executed in Buffalo, New York.  Although Plaintiff claims that the other three were "likely" executed in Buffalo, Plaintiff offers no proof for this claim.[9]  Further, the contracts were only partially performed in this district, as three Guaranties covered Florida-based Entities.  Because only three Guaranties were clearly executed and performed in this district, this factor is neutral.

### 5.      The Availability of Process to Compel the Attendance of Unwilling Witnesses

This factor calls for a determination of which Court – the Court where the suit was originally filed or the Court where transfer is sought – possesses subpoena power to compel the attendance of unwilling witnesses.  <u>See</u> <u>Beatie and Osborn LLP v. Patriot Scientific Corp.</u>, 431 F. Supp. 2d 367, 397-98 (S.D.N.Y. 2006). Here, the parties have not

---

[9] Plaintiff argues that simply because Defendant listed his address as 4225 Genesee Street, Buffalo, New York, on all six Guaranties, this somehow qualifies as an "operative fact," or suggests that all six Guaranties were executed in Buffalo, New York.  However, this Court finds this argument unpersuasive.

specified the need for any non-party witnesses at all, let alone any evidence that non-party witnesses would be unavailable to testify or unwilling to travel to New York or Florida. Therefore, this factor cannot tip the balance in favor of either party.  See Beckerman v. Heiman, No. 05-CV-5234, 2006 WL 1663034, at *8 (S.D.N.Y. Jun. 16, 2006) (finding that this factor did not favor either side because neither party demonstrated the unavailability of non-party witnesses).

Accordingly, the availability of compulsory process is a neutral factor.

### 6.     The Relative Financial Means of the Parties

This factor weighs in favor of transfer as Plaintiff would have less of a financial hardship prosecuting this case in Florida than Defendant would have defending it in New York.  By its own admission, "Plaintiff is a large lending institution with over $13 billion in assets, and "is [also] backed by vast resources of GE (General Electric)."  On the other hand, Defendant is a single individual, 68 years of age, who has numerous business ventures in bankruptcy.  This factor supports transfer.

### 7.     The Comparative Familiarity of Each District with the Governing Law

This factor weighs in favor of transfer because the Guaranties provide that the parties' rights and obligations are governed by Florida law.   Federal law has no substantive application here.  Accordingly, this Court finds that a Florida federal court is better suited to apply Florida state law than a New York federal court.  See Heyco, 636 F. Supp. at 1550-51 (citing cases).  Although courts have sometimes accorded little weight to this factor when an action does not involve complex questions of another state's laws, Vassallo v. Niedermeyer, 495 F. Supp. 757, 759 (S.D.N.Y. 1980), this Court notes that

"[w]hile there may not be novel or complex issues of State law to be resolved, construction of State law is best left to courts most familiar with it."  Kreisner v. Hilton Hotel Corp., 468 F. Supp. 176, 179 (D.C.N.Y. 1979) (citing Vaughn v. American Basketball Ass'n, 419 F. Supp. 1274, 1278 (S.D.N.Y. 1977)).

### 8.    *The Weight Afforded to Plaintiff's Choice of Forum*

Plaintiff argues that this factor militates against transfer because its choice of forum is entitled to "great weight."  (Plaintiff's Memo, p. 18); D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006).  Although Plaintiff's choice of forum is entitled to significant deference, this factor is no longer given the "near-decisive weight" previously afforded under the predecessor of 28 U.S.C. § 1404(a), forum non conveniens.  See HGI Marketing Services, Inc. v. Pepsico, Inc., No. 92-CV-981, 1992 WL 349675, at *4 (N.D.N.Y. Nov. 11, 1992) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 91 L.Ed. 1055, 67 S.Ct. 839 (1947)); see also Vasallo v. Niedermeyer, 495 F. Supp. 757, 759 (D.C.N.Y. 1980).  Further, the deference owed to Plaintiff's choice is diminished when the suit is brought outside the plaintiff's home forum.  Schoenefeld v. New York, No. 08-CV-3269, 2009 WL 1069159, at *3 (S.D.N.Y. Apr. 16, 2009) (citing Heyco, Inc., 636 F. Supp. at 1550).  And when the district court determines that an analysis of the nine – in this case, ten – factors favors transfer, the deference is completely overcome, and the case will be transferred.  Farrior v. George Weston Bakeries Distribution, Inc., No. 08-CV-2705, 2009 WL 113774, at *4 (E.D.N.Y. Jan. 15, 2009).

Here, the deference owed to Plaintiff's choice of forum is diminished because Plaintiff brought this suit outside its home forum.  And any remaining deference is completely overcome in light of this Court's analysis of the ten factors applicable to this

motion to transfer.  Accordingly, this factor weighs in favor of transfer.

       **9.**    ***Judicial economy and the interests of justice***

Perhaps more than any other factor, the interests of judicial economy and justice strongly weigh in favor of transfer.  Transferring this action would place the ongoing bankruptcy proceedings and this action in one district – the Southern District of Florida. See Delaware Credit Corp. (U.S.A.) v. Aronoff, No. 92-CV-135, 1992 WL 170896, at *8 (W.D.N.Y. July 10, 1992) (holding that the interests of judicial efficiency and justice weigh in favor of transfer because "every claim arising out of the same transaction will be in the same district").  Transfer would also allow both parties to conserve resources by minimizing travel costs.

In its response, Plaintiff argues that consideration of the Florida bankruptcy proceedings have no effect on a motion to transfer.  (Plaintiff's Memo, p. 18.)  Additionally, Plaintiff argues that even if this Court were to consider these proceedings, there is a separate pending lawsuit by Plaintiff in this Court, the Western District of New York, and therefore, all of the actions would not be unified in the event of transfer.  (Id.)

Both of Plaintiff's arguments are unpersuasive.  First, the Florida bankruptcy proceedings are properly considered in determining the interests of judicial efficiency and the convenience of parties and witnesses.  Second, while there *was* another pending lawsuit by Plaintiff in this Court at the time Plaintiff submitted its response, that action has been closed since August 25, 2008.  The only other related actions presently ongoing are the Florida bankruptcy proceedings.

### 10.    *Forum Selection*

Defendant argues that the forum-selection clauses, which are present in all six Guaranties, support his motion to transfer.  The forum-selection clauses in this case are "permissive" because the parties have permitted courts in the State of Florida to hear any dispute arising out of the Guaranties, but the clauses do not require that any and all actions be brought in a Florida court.  <u>See</u> Docket No. 1, Ex. A, ¶ 14(d) ("nothing shall prevent Lender from bringing any action or exercising any rights against [the] ... (iii) Guarantor personally, or (iv) the assets of Guarantor, *within any other state or jurisdiction*.") (emphasis added).  As a permissive clause, it does not weigh as strongly in favor of transfer as a mandatory clause, but it still favors transfer nonetheless.  <u>See</u> <u>Heyco, Inc. v. Heyman</u>, 636 F. Supp. 1545, 1550 (S.D.N.Y. 1986) ("Although this case does not involve an exclusive forum selection clause, the parties have impliedly agreed that New Jersey would be a convenient forum.  This implied agreement also favors a transfer"); <u>see</u> <u>also</u> <u>Micro-Assist, Inc. v. Cherry Communications, Inc.</u>, 961 F. Supp. 462, 467 (E.D.N.Y. 1997) (remarking that permissive forum selection clause favors transfer).  Accordingly, the permissive forum section clause favors transfer.

. . .

After reviewing the relevant factors, this Court finds that they cumulatively weigh in favor of transfer.  Transfer will centralize the disputes arising from these loan transactions, economize the parties' resources, and will not unduly inconvenience either party or witnesses.  Moreover, the parties have agreed that Florida law will govern any dispute, that Florida is an appropriate forum, and that Florida courts may exercise

14

personal jurisdiction over them.  Accordingly, Defendant's Motion to Transfer is granted.

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion is granted to the extent it seeks transfer.  Because the case will be transferred, Defendant's motion is denied as moot to the extent it seeks dismissal for lack of personal jurisdiction.  Plaintiff's Cross-Motion for an Order of Attachment is denied as moot.

## V.  ORDERS

IT IS HEREBY ORDERED, that Defendant's Motion (Docket No. 12) is GRANTED to the extent it seeks transfer of this case to the United States District Court for the Southern District of Florida, and is DENIED in all other respects.

FURTHER, that Plaintiff's Cross-Motion for an Order of Attachment (Docket No. 22) is DENIED as moot.

FURTHER, that the Clerk of the Court is directed to transfer this action to the United States District Court for the Southern District of Florida, and then close this case.

SO ORDERED.

Dated:   June 22, 2009
              Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

15